**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

ARUTIUN MATEVOSIAN,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

Case No. 5:26-cv-05307-DFM

ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Arutiun Matevosian (A# 249-370-736) filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his September 11, 2026 re-detention. See Dkt. 1 ("Petition"). Respondents did not appear or oppose the Petition. See Dkt. 5. Although the record leaves significant details unresolved, Petitioner's specific allegations that he was released into the community and later re-detained without notice or a hearing remain uncontroverted. The Court resolves his procedural due process claim on that limited, unopposed record.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall release Petitioner within forty-eight (48) hours of this Order, subject to any conditions of release in effect immediately before his re-

detention. The requests for broader declaratory and prospective injunctive relief are **DENIED** without prejudice.

## II. BACKGROUND

According to the Petition, Petitioner is a citizen of Russia and native of Armenia who entered the United States at the San Ysidro port of entry on approximately December 25, 2023. See Petition ¶¶ 13, 19. He alleges that DHS immediately released him, that he relocated to the Los Angeles area and timely applied for asylum, and that he fulfilled the conditions of release "to the best of his ability." Id. ¶¶ 2, 20. He alleges that DHS re-arrested him in Burbank on approximately September 11, 2026, and transferred him to the Adelanto Detention Center. See id. ¶ 21. Before that arrest, he allegedly received neither written notice explaining the re-detention nor a hearing before a neutral decisionmaker. See id. ¶¶ 23-25.

The Petition does not identify the legal basis, duration, or specific conditions of the initial release and supplies no release order, bond decision, parole document, or revocation notice. The attached asylum application lists entry status as "DT" and an expiration date of December 23, 2025. See Dkt. 1-1 at 1. That entry does not establish the terms of release, whether that status was extended, or the basis for the September 2026 re-detention. The Court does not assume that any initial parole remained unexpired at that time.

Nor does the record establish Petitioner's complete or current criminal history. His asylum application, signed December 5, 2024, answered "No" to a question about crimes, arrests, charges, convictions, and sentences in the United States. See Dkt. 1-1 at 8-9. That answer does not address later events. The application separately describes detention and interrogation abroad as part of his claimed persecution. See Dkt. 1-1 at 6. The Court thus does not find that Petitioner has never been arrested or has no criminal history. These gaps remain despite the absence of opposition.

Petitioner asserts a procedural due process claim and requests immediate release or, alternatively, a bond hearing, as well as declaratory and prospective injunctive relief. See Petition ¶¶ 36-39; Prayer for Relief ¶¶ 3-5. His September 22, 2026 reply reports that Respondents failed to appear or answer within the deadlines established by the September 14 scheduling notice. See Dkt. 6 ("Reply") at 2-4. Respondents have offered no factual account, detention records, legal justification, or opposition to release. The Reply principally relies on that non-opposition and does not resolve the factual gaps described above.

## III. DISCUSSION

A district court may grant habeas relief to a person held in custody in violation of the Constitution or federal law. See 28 U.S.C. § 2241(c)(3). Petitioner challenges the constitutional adequacy of the procedures used to re-detain him in this district, rather than the validity of a removal order. Respondents' failure to answer does not itself entitle him to a default judgment. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990). The Court therefore independently considers whether the specific, uncontroverted allegations and supporting materials establish a constitutional violation; it does not treat Respondents' silence as proof of facts the Petition does not supply.

Exhaustion in this context is prudential. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). Respondents have raised no exhaustion defense or identified an available administrative procedure that could remedy the asserted denial of process before re-detention. On this unopposed record, the Court does not require further exhaustion before addressing that claim.

The record does not establish the precise statutory authority for Petitioner's initial release or current detention, or the present status of his removal proceedings. The Court therefore does not find that detention necessarily falls under 8 U.S.C. § 1225, § 1226, or § 1231. Respondents have invoked no particular detention provision or mandatory-detention ground. The

Court addresses the narrower procedural claim presented on this record without resolving those statutory questions.

Conditional liberty can warrant due process protection even though it remains subject to lawful revocation. See Morrissey v. Brewer, 408 U.S. 471, 481-82 (1972). Here, the uncontroverted account is that DHS released Petitioner into the community in December 2023 and re-detained him in September 2026. That substantial period at liberty supports his interest in fair procedures before that liberty is withdrawn. The Court does not infer from the initial release that DHS made a particular finding about danger or flight risk, or find that Petitioner complied with every release condition.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

First, Petitioner's interest in freedom from physical confinement is substantial, particularly after more than two years living in the community. That interest does not depend on an unsupported finding that he has no criminal history or that his compliance with all release conditions was perfect.

Second, the uncontroverted allegations describe re-detention without written notice of its basis, an individualized assessment of danger or flight risk, or an opportunity to be heard before a neutral decisionmaker. See Petition ¶¶ 23-25. Petitioner also alleges continued detention without an individualized evaluation, and the Reply maintains that claim. See Petition ¶ 33; Reply at 5. Respondents have identified no contrary procedures or subsequent hearing. Notice and a meaningful opportunity to contest the grounds for renewed

custody would substantially reduce the risk of error, including error about release terms, compliance, or changed circumstances. The gaps in the record underscore the value of those safeguards; they do not establish that Petitioner is necessarily entitled to remain at liberty regardless of the facts.

Third, the Government has legitimate interests in enforcing immigration law, ensuring appearances, and protecting public safety. Its failure to appear does not eliminate those interests. But Respondents have identified no danger, flight risk, release violation, mandatory-detention ground, exigency, or administrative burden that justified dispensing with notice and a meaningful opportunity to be heard in this case. Nor have they explained whether the expiration date listed in the asylum application bears on the re-detention. The Court does not infer that such grounds could not exist but merely finds that none has been presented to justify the procedures challenged here.

Balancing these considerations, the Court concludes that Petitioner's uncontroverted account establishes a procedural due process violation on this record. On the record presented, the Court finds that release is the appropriate remedy for this deprivation. It restores Petitioner's liberty while leaving any previously applicable release conditions in place. Ordering only a future hearing would continue the confinement imposed through the deficient procedures, and Respondents have offered no reason to maintain custody pending such a hearing or opposed the requested release. This relief does not determine Petitioner's immigration status, renew any expired parole, or adjudicate whether detention could be justified on a different record. Given the unresolved facts, the Court declines to prescribe a categorical rule or burden of proof for any future re-detention. The requests for broader declaratory and prospective injunctive relief are denied without prejudice.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.

2. Respondents shall release Petitioner Arutiun Matevosian (A# 249-370-736) within forty-eight (48) hours of this Order, subject to any conditions of release in effect immediately before his September 11, 2026 re-detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are **DENIED**.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: September 23, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge